On the Part of the Defendant, it was infifted that he ought to pay no more on this Policy than the actual lofs fuftained by the Payment of Salvage and other Charges. That the Captain having fet up the Veffel to fale without any Orders of the Court of Admiralty, and purchafed her himfelf in behalf of the Owners, for about one fourth of the Sum infured, and this being acquiefced in by the Plaintiffs, there was no abandonment, and therefore but an average lofs.

THE COURT gave a charge in Favour of Defendant; and the Jury accordingly gave the Plaintiffs a Verdict for fo much only as they judged a compenfation for Salvage, charges, and Lofs of Time, on account of the capture.

# September Term, 1764.

WILLIAM ALLEN, Chief Juftice.
WILLIAM COLEMAN, } Juftices.
ALEXANDER STEDMAN.

KING'S Road. On confirmation of a Road by the Juftices of *Chefter* county, the Record was brought up by *Certiorari*; and it was moved to reverfe the Judgment of confirmation, becaufe the Juftices below had refufed to grant a Review, though petitioned thereto by a Perfon who complained he was aggrieved by the Roads running through his improved ground.—On argument, THE COURT reverfed the Judgment for that reafon, alledging that a Review, though not taken notice of in the Act of Affembly, had always been granted, and was now become a matter of right.

## HUGH DAVEY *et ux. verfus* PETER TURNER.

THIS Caufe came before the Court for a determination on a fpecial Verdict which found, That the Defendant's late Wife *Sarah*, before her Marriage, was feized of the Lands in queftion in fee; that after her Marriage, with the Defendant, fhe and her Hufband joined in a conveyance to two Truftees and their Heirs, " *Habendum* to them and the Survivor of them and his Heirs for " ever, in truft neverthelefs to and for the proper Ufe and Behoof of " the faid *P. Turner* and *S.* his Wife, for and during their joint " Lives, and from and after the Deceafe of either of them, then to " and for the fole and proper Ufe and behoof of the Survivor of " them and his or her Heirs for ever." That the faid *P. Turner* and *S.* his

B 2

1764.

*S.* his Wife appeared before *W. P.* Efquire, then one of the Juftices of the Court of Common Pleas, for the County of *Philadelphia*, and acknowledged the faid Indenture to be their Deed, and that the faid *Sarah* was then and there, fecretly and apart from her faid Hufband, examined by the faid *W. P.* and on fuch private examination did declare, that fhe did fign, feal and execute the faid Indenture with her full free and voluntary Confent, which acknowledgment and examination were then indorfed by the faid *W. P.* under his hand and feal, upon the Indenture. The fpecial Verdict goes on and finds, that for fifty Years and upwards, it had been the conftant practife and ufage of the Province of *Pennfylvania*, in cafes where *Baron* and *Feme* have been defirous to fettle, fell and difpofe of the Eftate of the *Feme*, for the *Baron* and *Feme* to join in a Deed or Deeds, and for the *Feme* to go before fome Juftice of the Peace, in the County where the Lands lye, out of Court, and for the faid Juftice to examine fuch *Feme* in private and apart from her Hufband, refpecting her figning and executing fuch Deed, and to interrogate her whether fhe became a Party to and executed fuch Deed with her full and free confent, and on her declaration that fhe freely confented, for the Juftice to certify the fame under his hand and feal. And that a great number of Titles to valuable Eftates in this Province, were held under, and did depend upon Deeds executed by *Baron* and *Feme*, in manner aforefaid. And that the Titles to fuch Eftates had never before been called in queftion, but that fuch Deeds of *Femes Covert* and their Hufbands had always been allowed to be given in evidence in Courts of Juftice; that Scriveners had generally conducted themfelves by this Ufage, in transferring Eftates, and that only two Fines had ever been levied in this Province for conveying the Eftates of *Femes Covert.* The Jury further found that the faid *Sarah* died without having any Iffue born alive, and the Plaintiff's Wife was one of her Heirs at Law.

The principal queftion was, whether this mode of conveyance of the Eftates of *Femes Covert* could be fupported by the Ufage, as found by the Jury.

On the Part of the Plaintiff it was urged, that by Law a *Feme Covert* cannot convey her Eftate but by fine, in which fhe muft be examined by Writ; that the Ufage in this cafe was not fufficient to alter the Law, not being from time immemorial, and was unreafonable, becaufe it had no lawful commencement, a *Feme* being fuppofed by the Law to be under the coercion of her Hufband; and for this purpofe *Godb.* 143. was cited.—That fuppofing the cuftom good, the Deed in the prefent cafe was variant from the cuftom as found in the fpecial Verdict; for that the Ufage ratified this kind of Conveyance only in fuch cafes, where the *Feme* was willing and defirous to convey, and where fhe declared fhe became a Party to the Deed freely; and that it is not found the *Feme* in this cafe was willing and defirous, and had declared fhe became a Party thereto; for though it is fet forth, that fhe declared fhe executed the Deed freely, yet it does not appear the Deed was read, or the contents made known unto her,
without

without which ſhe could not be ſaid to become a Party. Another variance inſiſted on was, that the examination required by the Cuſtom muſt be by a *Juſtice of the Peace*, and in this Caſe *W. P.* is not ſaid to be a Juſtice of the Peace, but a Juſtice of the Court of Common Pleas.—It was further urged, that the Deed in this Caſe was void, for two reaſons : iſt Becauſe, though the Conveyance is to Truſtees, yet the Uſe is to the *Baron* and his Heirs, which, by the Statute of Uſes, veſts the legal Eſtate immediately in the *Baron*, and ſo is no other than a Conveyance from the *Feme* to the *Baron* which is void. The 2d reaſon was, that the Deed wanted a Conſideration, there being none mentioned but marriage and five ſhillings. That the Marriage was paſt, and a paſt conſideration is no conſideration, and the five ſhillings ſaid to be paid to the *Feme* was in fact the Property of the Huſband, ſo no conſideration to her.

On the Part of the Defendant it was anſwered, that though by the Law of *England* a *Feme Covert* cannot convey her Eſtate without an examination by Writ, yet in this country a different manner of examination has obtained from the firſt ſettlement of the Province, in ſubſtance the ſame as an examination on a Fine, which probably in early days could not be levied here for want of ſkill in the Profeſſors of the Law ; and that now the greater part of the Titles in the Province depend, in ſome link of the chain, upon this kind of Deeds, it would be highly inconvenient, and would introduce the utmoſt confuſion, to overſet them. That Common Recoveries have their validity from uſage, and that if this be an Error, it is within the maxim, *Communis Error facit Jus.* As to the reaſonableneſs of the uſage *Brook. tit faits.* § 14. 15. was cited to ſhew an Examination of *Feme Covert* before the Lord Mayor in *London* was good without a Fine. And to ſhew the force and extenſion of the maxim, *Communis Error facit Jus*, many authorities were cited. *Carth.* 283. 4 *Sid.* 190. 2 *Mod.* 238. *Jenk.* 162. 250. *Anderſon* 49. 2 *Ab. Eq. Ca.* 200. *Hob.* 83. *Salk.* 33. *Co. Litt.* 112. *Shepherds Touchſtone* 516. *Comb.* 320. 342. *Stiles* 320. As to the variance between this Caſe and the Uſage, it was ſaid the *Feme* had declared ſhe executed the Deed with her free Conſent, and that it muſt be taken, the Magiſtrate did his Duty in making her acquainted with the Contents. As to the other variance, it is notorious that a Juſtice of the Common Pleas is a Juſtice of the Peace, in this Province, being appointed to both Offices in one Commiſſion, and the Court will *ex Officio* take notice of ſo general a practice. As to the objections againſt the validity of the Deed, it was anſwered that though a Deed would be void immediately from *Baron* to *Feme*, yet it would be good when made to Truſtees to the Uſe of the *Feme*. *Co. Litt.* 112. And the conſideration of five ſhillings, though not a valuable one, is a good conſideration in the eye of the Law.

BY THE COURT, after adviſement : Theſe Deeds, and this mode of examination of *Femes Covert* on conveying their Eſtates, having generally prevailed in this Province, from its firſt ſettlement, and undergone from time to time the notice

tice of the Courts of Juftice, it would be very mifchievous now to overturn them. The maxim *Communis Error facit Jus* cannot operate more properly than in this Cafe; and the Court unanimoufly adjudge the Law to be with the Defendant.

---

## September Term, 1765.

Prefent WILLIAM ALLEN, Chief Juftice,
   WILLIAM COLEMAN, } Juftices.
   ALEXANDER STEDMAN, }

---

### The Leffee of STRICKLAND, verfus REBECCA POOLE.

TO prove *Pedigree*, evidence permitted to be given of *Hearfay* a great while ago, before any Difpute ftirred.

---

## September Term, 1766.

Prefent WILLIAM ALLEN, Chief Juftice.
   WILLIAM COLEMAN; } Juftices.
   ALEXANDER STEDMAN, }

---

### The Leffee of THOMAS verfus HORLOCKER.

PLAINTIFF produced a Deed bearing date fixty three Years ago, appearing on infpection to be ancient; one of the Witneffes proved to be dead, the other not known. Poffeffion had not attended the Deed, and no other account was given of it, or the Witneffes, than by the evidence of a Perfon who fwore he had well known one of the Witneffes, and had feen many Deeds and Papers figned by him, and from thence believed his name to this Deed, to be of his HandWriting, but had never feen him write. THE COURT on Debate thought this a fufficient Proof of the Deed confidering its *Antiquity*, and it was read in Evidence.

*September*